IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LINDA WHITBY, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-25-1157 |
| LUMINUS HEALTH ADMINISTRATION, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Linda Whitby has filed suit against Luminus Health Administration. (ECF No. 1.) She has also filed a filed a Motion for Leave to Proceed in Forma Pauperis. (ECF No. 4.) The Court will grant the Motion, and will direct Plaintiff to show cause why this case should not be dismissed.

"[U]nder 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted." *Harris v. Janssen Healthcare Prods.*, Civ. No. ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015). Further, "[u]nder 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted." *Id.* Further, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citations and internal quotation marks omitted). For a federal court to have subject matter jurisdiction over an action, typically there must either be diversity of citizenship between the parties ("diversity jurisdiction"), 28 U.S.C. § 1332, or the action must arise under the Constitution, laws, or treaties of the United States ("federal-question jurisdiction"), 28 U.S.C. § 1331.

Plaintiff alleges that she was a passenger in a vehicle driven by a co-worker. (ECF No. 1 at 5.) She alleges that they were in a collision, and that Plaintiff was unconscious and taken to "Luminus Health – Anne Arundel" where "civil right[s] violation" occurred. (*Id.*) She brings claims pursuant to Title II, Title VI, and the Patient Protection and Affordable Care Act. (*Id.* at 4.)

Plaintiff fails to state a claim. She alleges essentially only that she was in an accident, and that she was brought to a medical facility. This is plainly insufficient to state a cause of action, federal or otherwise. Further, there is no diversity jurisdiction here, given that both Plaintiff and Defendant are residents of Maryland. Thus, it appears that her action must be dismissed.

Plaintiff will be given an opportunity to show cause why her action should not be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 4) is GRANTED;
2. Plaintiff SHALL SHOW CAUSE by May 12, 2025 why this case should not be dismissed; and
3. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to the Plaintiff.

DATED this _15_ day of April, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge

2