IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LINDA WHITBY, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-25-1157 |
| LUMINUS HEALTH ANN ARUNDEL MEDICAL CENTER, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Linda Whitby initially filed suit against Luminus Health Administration, and filed a Motion for Leave to Proceed in Forma Pauperis. (ECF Nos. 1, 4.) The Court issued a Memorandum and Order granting the Motion, explaining that Plaintiff failed to state a claim, and directing her to show cause why the case should not be dismissed. (ECF No. 6.) Plaintiff then filed an Amended Complaint against Luminis Health Anne Arundel Medical Center ("Luminis") and Caitlin Mase, MD. (ECF No. 7.) Because Plaintiff fails to state a claim with respect to the one federal claim she brings, her case will be dismissed.

**I.     Factual Background**

Plaintiff alleges that she was in a car accident and that she was taken to the Luminis emergency room. (ECF No. 7 at 2.) She alleges that, in the accident, she sustained a "traumatic brain injury, active bleeding open-head wound, with other injuries that were severe, disabling and ultimately permanent in nature." (*Id.*) Plaintiff alleges that she waited "an inordinate amount of time" to be seen and that Mase "was quite rude" and interacted with Plaintiff "in a detached and unreceptive manner." (*Id.*) She alleges that she "felt belittled and disrespected" and as though she was an a "hostile environment." (*Id.*) Plaintiff also explains that she "was aware of reputed

discriminatory treatment according to minorities" at Luminis. (*Id.*) She also alleges the following, which is somewhat unclear: "Mase refused, failed to, and/or disregarded the reasonable and fair evaluation, treatment to which she and similarly situated white persons presenting with the injuries as Plaintiff presented [sic]." (*Id.* at 3.)

Plaintiff provides a list of ways in which she alleges that Defendants' conduct was discriminatory and inadequate, including that: "Mase failed and refused to examine, shave, and clean the wound which promoted an enlarging hematoma that took months of care to resolve"; "Mase offered to staple the head wound without proper examination"; and "Mase left angrily" and then "applied, without the Plaintiff's informed consent, glue or a glue-like substance to the Plaintiff's head wound while it was still bleeding." (*Id.*)

## II.     Legal Standard

"[U]nder 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted." *Harris v. Janssen Healthcare Prods.*, Civ. No. ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015). Further, "[u]nder 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

2

In addition, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citations and internal quotation marks omitted). For a federal court to have subject matter jurisdiction over an action, typically there must either be diversity of citizenship between the parties ("diversity jurisdiction"), 28 U.S.C. § 1332, or the action must arise under the Constitution, laws, or treaties of the United States ("federal-question jurisdiction"), 28 U.S.C. § 1331.

### III. Analysis

Plaintiff brings three claims against Luminis and Mase. (ECF No. 7.) Count I alleges a violation of her civil rights, Count II alleges negligence, and Count III alleges medical malpractice. (*Id.*) Plaintiff fails to state a claim for violation of her civil rights, and Count I must be dismissed. Because this is the only federal claim in her Complaint and the Court declines to exercise supplemental jurisdiction over Counts II and II, the Court will dismiss the case in its entirety.

With respect to Count I, Plaintiff cites to Section 1557 of the Patient Protection and Affordable Care Act, Title II of the Civil Rights Act of 1964, and Title VI of the Civil Rights Act of 1964. Title II prohibits discrimination in places of public accommodation on the basis of race, color, religion, or national origin. *See* 42 U.S.C. § 2000a(a) ("All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."). Title VI prohibits discrimination based on race, color, or national origin in programs and activities receiving federal financial assistance. *See* 42 U.S.C. § 2000d ("No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied

3

the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."). Further, § 1557 provides that "an individual shall not, on the ground prohibited under title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.) . . . be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency or any entity established under this title (or amendments)." 42 U.S.C. § 18116(a). Thus, "rather than crafting independent grounds, § 1557 incorporates grounds from other listed statutes." *Lucas v. VHC Health*, 128 F.4th 213, 219 (4th Cir. 2025). Under all three statutes, then, Plaintiff must sufficiently allege that she was subjected to discrimination based upon her color, race, religion, or national origin to state a claim with respect to Count I.

Plaintiff fails to do so. As an initial matter, Plaintiff fails to allege that she is a member of a protected class, and it is not entirely clear from the Amended Complaint on what basis she contends she was discriminated against. This alone merits dismissal of Count I. Further, Plaintiff fails to sufficiently allege that she was discriminated against. While she alleges that Mase was rude and that she felt belittled and unwelcome at Luminis, she does not sufficiently allege that such treatment was due to her race, color, religion or national origin. She alleges that she "was aware of reputed discriminatory treatment" by the hospital. She also vaguely asserts that "Mase refused, failed to, and/or disregarded the reasonable and fair evaluation, treatment to which she and similarly situated white persons presenting with the injuries as Plaintiff presented." Although that statement is not entirely clear, the Court presumes that she means that she was treated differently than similarly situated white persons. However, these allegations and vague and conclusory, and devoid of factual support. In short, nothing in the Amended Complaint raises a

4

plausible inference that she was discriminated against based upon her race, color, religion or national origin.[1] Thus, the Court will dismiss Count I.

Counts II and III of Plaintiff's complaint, which assert claims of negligence and medical malpractice, arise under state law. Because the Court dismisses the one federal claim in this suit, and because there does not exist diversity of citizenship between the Defendants and Plaintiff (given that Plaintiff is a resident of Maryland, as are the two Defendants), the Court declines to exercise supplemental jurisdiction over Counts II and III, 28 U.S.C. § 1367(c), and those Counts will also be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's Amended Complaint (ECF No. 7) is DISMISSED;
2. The Clerk is DIRECTED to CLOSE this case; and
3. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to the Plaintiff.

DATED this 22 day of May, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge

---

[1] There are several other infirmities with Plaintiff's claims, some of which the Court lists here. With respect to her Title II claim, it is not clear that a hospital qualifies as a place of public accommodation, as "[h]ospitals are not listed among the establishments to which Title II applies." *Foster v. Howard Univ. Hosp.*, Civ. No. 06-244(JDB), 2006 WL 2938701, at *2 (D.D.C. Oct. 13, 2006). Further, Plaintiff seeks damages and Title II "only authorizes suits for injunctive or declaratory relief; it does not permit suits for damages." *Hodge v. Cordish Cos. Inc.*, Civ. No. ELH-17-254, 2017 WL 3007069, at *5 (D. Md. July 14, 2017). In addition, "§ 2000a-3(c) sets forth a prerequisite for a plaintiff seeking relief under Title II." *Id.* Plaintiff has not alleged that she has satisfied the prerequisite, given that she has not alleged that shed provide written notice to the appropriate state or local authority. *See id.* With respect to her Title VI claim, for example, Plaintiff fails to allege that Luminis receives federal funding. *See Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 352 (D. Md. 2020) (dismissing a claim where "Plaintiff has not alleged facts to plausibly suggest that [Defendant] received federal financial assistance").